FILED
2017 May-05 AM 09:34
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **DONALD JOE BARBER** | ] |
| **Plaintiff,** | ] |
| v. | ] CV-17-BE-284-S |
| **INTERNAL REVENUE SERVICE, et. al.** | ] |
| **Defendants.** | ] |

## MEMORANDUM OPINION

This matter is before the court on Plaintiff Donald Joe Barber's "Motion to Proceed in Forma Pauperis." (Doc. 2). The court WILL GRANT Mr. Barber's motion, even though it is not submitted on the form used by the court and does not contain all the information required to evaluate his financial condition. But doing so this time does not mean that this—or any other—judge will accept an inadequate *in forma pauperis* application next time.

In making a determination of whether a plaintiff qualifies as a pauper "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid," the court must dismiss a case "if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Thus, the court has an obligation to review *sua sponte* the merits of *in forma pauperis* matters.

In determining whether an *in forma pauperis* complaint is frivolous, the court is not

required to accept without question the truth of the plaintiff's allegations. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Instead, the court must view the allegations only as "weighted in favor of the plaintiff." *Id.* at 32. Pursuant to § 1915(e)(2)(B)(i), the court possesses "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *see also Ghee v. Retailers Nat'l Bank,* 271 F. App'x. 858, 859 (11th Cir. 2008) (*per curiam*) (stating that "an IFP action is frivolous, and thus not brought in good faith, if it is without arguable merit either in law or fact" and that the term "arguable means capable of being convincingly argued" (internal citations omitted)).

Having examined the Complaint, the motion, and the previous Complaints that Mr. Barber filed in Case No. 16-CV-1321-MHH and Case No. 11-CV-1581-MEF, as well as the Memorandum Opinions and Orders filed in those cases, the court finds that this case is due to be DISMISSED for the reasons stated below.

Claims to be Dismissed for Lack of Jurisdiction

Mr. Barber brings this tax protest case against the Internal Revenue Service, IRS officials, and the acting Assistant Regional Commissioner of the Social Security Administration. In many of the claims in this case, Mr. Barber seeks to enforce *criminal* statues against the Defendants. However, "[a] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973); *see also Morales v. U.S. Dist. Court,* 580 F. App'x 881, 887 (11th Cir. 2014) (*per curiam*) (finding that private citizen lacked standing to petition for mandamus compelling presentation of evidence to a

2

special grand jury because the federal statute on grand jury powers and duties did not create a private right of action, and because "a private citizen's interest in the . . . criminal prosecution of another person is not a judicially cognizable interest for standing purposes."); *Otero v. U.S. Attorney Gen.*, 832 F.2d 141 (11th Cir. 1987) (*per curiam*) (affirming the dismissal of a citizen's petition for writ of mandamus to compel prosecution of a former state attorney, finding that "a private citizen has no judicially cognizable interest in the prosecution . . . of another."). The right to prosecute anyone for criminal conduct rests with the state and/or federal government, not with a "private man," a "state American national and noncombatant," a "Citizen of the Republic states" (doc. 1, at 1 & 3), or however else a non-governmental private person or individual chooses to describe himself. *See, e.g., Diamond v. Charles*, 476 U.S. 54, 65 (1986) (finding a lack of standing to address a state statute when the state government itself was not part of the appeal; "[b]ecause the State alone is entitled to create a legal code, only the State has the kind of 'direct stake' identified in *Sierra Club v. Morton*, 405 U.S. [727, 740 (1972)] in defending the standards embodied in that code."). Consequently, Mr. Barber does not have standing to bring criminal claims.

Because Mr. Barber lacks standing to bring criminal claims, this court lacks jurisdiction over those particular claims. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–61 (1992). The court FINDS that the claims in the following counts are due to be DISMISSED because Mr. Barber is improperly seeking to enforce *criminal* statutes against the Defendants: Count One, asserting that the respondents have committed what he characterizes as the *crimes* of "personage" and "knowingly misrepresenting a living man or woman"; Count Two, asserting the "crime of barratry . . . of knowingly bringing false claims and charges based on personage in order to use

3

foreign statutory law against living people"; Count Four, asserting that "the respondents are guilty of inland piracy"; Count Five, to the extent, if any, that he is alleging *criminal* conversion: the count does not specify whether he is alleging conversion as a tort or a crime; Count Six, to the extent, if any, that he is alleging identity theft as a crime: he asserts that "respondents are guilty of identity theft by stealing the identity of the petitioners . . . for the purpose of plundering the petitioners"; Count Eight, asserting the crime of theft; Count Fourteen, asserting the crime of peonage, and violations of criminal statutes 18 U.S.C. §1581 and 42 U.S.C. §1994; Count Fifteen, asserting the crime of "enticement into slavery" in violation of 18 U.S.C. §1583; Count Sixteen, asserting *criminal* conspiracy in violation of 18 U.S.C. § 241; Count Seventeen, asserting that the respondents are guilty of the crimes of robbery and racketeering and extortion in violation of 18 U.S.C. § 1951; Count Eighteen, asserting that the respondents are guilty of the crime of deprivation of rights under color of law, violating 18 U.S.C. § 242; and Count Twenty-Three, to the extent, if any, that he is pursuing criminal sanctions under the RICO Act.

Because this court FINDS that these claims are due to be DISMISSED for lack of jurisdiction, it WILL DISMISS WITHOUT PREJUDICE those claims, *sua sponte.* The dismissal without prejudice is not an invitation to re-plead, because any criminal claim brought by Mr. Barber would be futile. The "without prejudice" merely acknowledges that, because Mr. Barber lacks standing to bring those claims, this court has no jurisdiction to enter a dismissal on the merits, and thus, cannot enter a dismissal with prejudice. *See Stalley v. Orlando Reg'l Healthcare Sys.*, 524 F.3d 1229, 1232 (11th Cir. 2008) ("A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice."). Accordingly, the court will not give Mr. Barber leave to amend his Complaint alleging these criminal claims.

4

Claims to be Dismissed on Other Grounds

*Claims Brought on behalf of "'We the People' of the republic states"*

The court notes that Mr. Barber, a *pro se* litigant, who is not an attorney licensed to practice law in Alabama or in this court, purports to bring this suit on behalf of "All of 'We the People' of the republic states." (Doc. 1). Although, pursuant to 28 U.S.C. § 1654, a *pro se* plaintiff may "plead and conduct" his own claims in federal court, that personal right does not extend to representing the claims and interests of others. *See Timson v. Sampson,* 518 F.3d 870, 873 (11th Cir. 2008) (holding individual could not bring a *qui tam* suit as a *pro se* relator; interpreting 28 U.S.C. § 1654 as providing a personal right but not a right to represent others; and quoting with approval *Stoner v. Santa Clara Cty. Office of Educ.,* 502 F.3d 1116, 1127 (9th Cir. 2007): "the established procedure which required that only one licensed to practice law may conduct proceedings in court for anyone other than himself."). The principle is well established that a *pro se* plaintiff cannot represent others or bring class claims. *See, e.g., Lawrence v. Sec'y of State,* 467 F. App'x 523, 525 (7th Cir. 2012)*; Blue v. Defense Logistics Agency,* 181 F. App'x. 272, 275 (3rd Cir. 2006); *Lescs v. Martinsburg Police Dep't,* 138 F. App'x. 562, 564 (4th Cir. 2005) (*per curiam*)*; Fymbo v. State Farm Fire & Cas. Co.,* 213 F.3d 1320, 1321 (10th Cir. 2000); *C.E. Pope Equity Trust v. U.S.,* 818 F.2d 696, 697 (9th Cir. 1987); *see also Wallace v. Smith,* 145 F. App'x. 300, 302 (11th Cir. 2005) ("[I]t is plain error to permit [an] imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action.") (citation and internal quotation marks omitted); 1 Newberg on Class Actions § 3:24 ("[M]ost courts have held that pro se plaintiffs are inadequate representatives of a class.").

To maintain an action as a class action, litigants must meet the requirement that

"representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). The ability to protect the interests of the class depends, at least in part, on the quality of legal counsel, and, except in rare cases, the competence of a layman is "clearly too limited to allow him to risk the rights of others." *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir. 1975) (citing as support two cases from the former Fifth Circuit: *Gonzales v. Cassidy,* 474 F.2d 67 (5th Cir. 1973) and *Anderson v. Moore,* 372 F.2d 747, 751 n.5 (5th Cir. 1967)).[1]

Therefore, this court FINDS that all claims that Mr. Barber improperly asserts on behalf of others are due to be DISMISSED WITHOUT PREJUDICE.

*Claims Duplicative of Those Asserted in Case No. 16-CV-1321-MHH*

The court notes that Counts One through Twenty and Twenty Three duplicate the claims filed in Case No. 16-CV-1321-MHH and dismissed without prejudice for failure to state a claim upon which relief may be granted; that case is now closed. Although the court dismissed the claims in Case No. 16-CV-1321-MHH without prejudice, that Order does not support re-filing the *same claims with no substantive changes* in a new case. The court FINDS that the additional words and punctuation in Counts One through Twenty and Twenty-Three of this case, Case No. 17-CV-284-KOB, provide no substantive changes to those claims previously dismissed.[2] This

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

[2] The only differences with the Complaint in 16-1321 are listed by section:
**PARTIES:** the description of Sharonda L. Smith states that the IRS is located in Puerto Rico, while the same description in 16-1321 says the IRS is located in Ogden, Utah;
**FACTS**: a few words and a punctuation mark were added—the word "private" added to describe the IRS; the word "republic" added to describe the states of the Union; the following phrase was added after the phrase "excessive penalties": "(in violation of the eighth amendment to the Constitution for these united states of America)"; brackets were added around the word

court agrees with and ADOPTS the prior ruling in Case No. 16-CV-1321-MHH that those claims, duplicated here, do not state a claim upon which relief can be granted and are due to be dismissed for the reasons stated in the Order dated November 21, 2016 dismissing the previous case. For ease of reference, the court attaches a copy of that Order to this opinion as "Exhibit A."

In so ruling, the court also relies on additional statutory law and caselaw supporting that dismissal. *See* U.S. CONST. amend. XIV (defining U.S. and state citizenship)*;* 26 U.S.C. § 7701(a)(1) (defining "person" to include an individual); *Brushaber v. Union Pac. R.R.,* 240 U.S. 1, 24 (1916) (stating that "it is . . . well settled that [the Fifth Amendment] is not a limitation upon the taxing power conferred upon Congress by the Constitution"); *Taliaferro v. Freeman,* 595 F. App'x 961, 962-63 (11th Cir. 2014) (*per curiam*) (rejecting as meritless the plaintiff's arguments that Congress only has taxing authority over federal enclaves; that IRS levies violate the Fifth Amendment right to due process; and that, although the plaintiff is a U.S. citizen, he is, for purposes of the tax code, a resident alien who is subject to taxation only on income that is connected with the conduct of a trade or business); *Schifanelli v. U.S.,* 865 F.2d 1259 (4th Cir. 1988) (*per curiam)* (rejecting claim based on a violation of the Declaration of Independence, explaining that "[t]he Declaration of Independence is a statement of ideals, not law."); and *United States v. Fern,* 696 F.2d 1269, 1273 (11th Cir. 1983) (stating: "Clearly, the Internal Revenue Service is a 'department or agency' of the United States.").

---

[SERVICE]; and a comma was added in the last sentence.
    **COUNT ONE-TWENTY:** the words "of a sum certain" were added; and in Count Fifteen, the following phrase is also added: "This is also a violation of the petitioners [sic] thirteenth Amendment right of the Constitution for these united states of America."
    **COUNT TWENTY-ONE** and **TWENTY-TWO** are completely new;
    **COUNT TWENTY-THREE**: identical to Count 21 in 16-1321.

Therefore, as to those claims asserted in Counts One through Twenty and Count Twenty-Three, the court *sua sponte* WILL DISMISS those claims. Because this suit represents the second time that Mr. Barber has brought these same claims *and* the second time that a district court has dismissed them for failure to state a claim, the court WILL DISMISS them WITH PREJUDICE. An additional basis for dismissing them with prejudice is that amending claims with the underlying basis that the claimant is not subject to taxation would be futile. *See Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007) (affirming the denial of a motion to amend as futile "when the complaint as amended would still be properly dismissed").

Given the previous dismissal of essentially the same claims, the court FINDS that Mr. Barber, by re-filing the same claims dismissed for failure to state a claim without meaningful changes, is engaging in a pattern of willful contempt for the court's rulings on his claims. The court has considered lesser sanctions than dismissal with prejudice, but the court further FINDS that lesser sanctions will not suffice to address such a pattern. *See Jones v. Graham,* 709 F.2d 1457, 1462 (11th Cir. 1983).

This ruling also will operate as an *alternative* ruling for the criminal claims discussed above that will be dismissed without prejudice for lack of jurisdiction; those claims, however, are here dismissed WITH PREJUDICE because they are duplicative of previously dismissed claims, because they fail to state a claim upon which relief can be granted, and because any amendments would be futile.

*New Claims*

Although most of the claims duplicate those asserted in the previous case, Mr. Barber adds a few new claims. In Count Fifteen, he asserts that "the respondents have engaged in

8

enticement into slavery." While he made the same assertion in Case No. 16-CV-1321-MHH, claiming that the enticement violated a criminal statute, he added a sentence in Count Fifteen of the instant suit, claiming that the enticement also violated "the petitioners [sic] thirteenth Amendment right of the Constitution for these united states of America." (Doc. 1, at 7 ¶ 37). According to Mr. Barber, the improper enticement arises from the requirement that "anyone who acquires a job to fill out a W-4" form. (*Id.*)

Courts have consistently found to be frivolous arguments that taxation constitutes a form of involuntary servitude. *See, e.g., Abney v. Campbell,* 206 F.2d 836, 841 (5th Cir. 1953) (rejecting the involuntary servitude argument brought under the Thirteenth Amendment because "[t]here is no servitude, there is merely a requirement that as to the tax due by domestic employees on account of the wages paid by them by their employer, the employer must withhold the amount fixed by law and account it to the United States." (internal quotation omitted)); *Anderson v. C.I.R.,* 1 F.3d 1240 (6th Cir. 1993) (stating "it has long been settled . . . that neither the Sixteenth Amendment nor the Internal Revenue Code imposes involuntary servitude."); *United States v. Drefke,* 707 F.2d 978 (8th Cir. 1983) (rejecting as "without arguable merit" the taxpayer's claim that the Internal Revenue Code results in involuntary servitude in violation of the Thirteenth Amendment and that by refusing to sign W-4 forms, he was immune from IRS jurisdiction); *Porth v. Brodrick,* 214 F.2d 925, 926 (10th Cir. 1954) ("If the requirements of the tax laws were to be classed as servitude, they would not be the kind of involuntary servitude referred to in the Thirteenth Amendment.") (citing, *e.g., Marcus Brown Holding Co. v. Feldman,* 256 U.S. 170, 199 (1921); *In re Slaughter-House Cases,* 83 U.S. 36, 69 (1872)); *see also In re Wilbert,* 262 B. R. 571 (Bankr. N.D. Ga. 2001) (rejecting the "involuntary servitude" argument

9

under the Thirteenth Amendment as having "no legal merit" and "patently frivolous")).

Although Mr. Barber has added the alleged Thirteenth Amendment violation to this Complaint's iteration of Count Fifteen, the underlying basis of the claim remains his assertion that he is a person not subject to taxation, an assertion previously rejected in 16-CV-1321 and rejected again here. The Eleventh Circuit has repudiated as frivolous and meritless claims similarly predicated upon the general assertion that an individual citizen of the United States is not subject to income tax laws and the revenue code. *See Stoecklin v. Comm'r,* 865 F.2d 1221, 1223–24 (11th Cir. 1989) (finding as frivolous a tax protester's claim that he was "a freeborn and sovereign person and [was], therefore, not subject to the income tax laws"); *Biermann v. Comm'r,* 769 F.2d 707, 708 (11th Cir. 1985) (*per curiam)* (determining to be "patently frivolous" the petitioner's "tax protest" case, asserting that "he is not a 'person liable for taxes,' but rather a 'freeman and unenfranchised individual' who is not subject to taxation"); *see also United States v. Gerads,* 999 F.2d 1255, 1256 (8th Cir. 1993) (*per curiam*) ("[W]e reject appellants' contention that they are not citizens of the United States, but rather 'Free Citizens of the Republic of Minnesota' and, consequently, not subject to taxation."), *cert. denied,* 510 U.S. 1193 (1994).

Further, the court acknowledges Mr. Barber's argument that he is not a citizen of the United States, although he lists Locust Fork, Alabama as his residence. Even assuming *arguendo* that Mr. Barber is not an American citizen, resident non-citizens with a certain gross income threshold are required to file income tax returns, and non-citizens must pay federal income taxes for income earned in the United States. *See, e.g.,* 26 U.S.C. § 1441 (withholding of tax on nonresident aliens); 26 U.S.C. § 7701(b) (stating the definitions of "Resident Alien" and "Nonresident alien"); 26 C.F.R. § 1.6012-1 (including in "individuals required to make returns of

income" "a resident of the United States even though not a citizen thereof"). Therefore, even self-declared non-citizens who live and earn income in the United States must pay taxes.

Consistent with the previous rulings against Mr. Barber, and with the law of the Eleventh Circuit and other Circuits, this court FINDS that this additional claim in Count Fifteen lacks merit. Therefore, the court *sua sponte* FINDS that this additional claim in Count Fifteen based on a violation of the Thirteenth Amendment is due to be DISMISSED. Because the underlying basis of his claim—that he is a person not subject to taxation—cannot be cured by adding facts or clarification, the court FINDS that granting leave to amend would be futile. *See Cockrell v. Sparks,* 510 F.3d 1307, 1310 (11th Cir. 2007). Therefore, this court WILL DISMISS this claim WITH PREJUDICE.

In a new Count, Twenty-One, Mr. Barber asserts that "the respondents have violated the petitioners [sic] Eighth Amendment Right against excessive bails or fines in that they have imposed against the petitioners extremely heavy penalties (fines) for their perceived *violations of the revenue code that the petitioners are not a party to in the first place*." (Doc. 1, at 9 ¶ 49 (emphasis added)). Once again, Mr. Barber bases this claim upon his assertion that he is not subject to income tax laws and the revenue code—a frivolous and meritless claim. *See Stoecklin,* 865 F.2d at 1223–24; *Biermann,* 769 F.2d at 708. As discussed above, although this claim is a new one, the court in 16-CV-1321-MHH rejected the assertion on which it is based; numerous courts have rejected that assertion as noted above, and this court rejects it again here. Accordingly, for the same reasons discussed above, the court *sua sponte* FINDS that the claim in Count Twenty-One is due to be DISMISSED WITH PREJUDICE.

Another Count that contains claims not present in 16-1321-MHH is Count Twenty-Two.

11

In that Count, Mr. Barber claims that the respondents violated 26 U.S.C § 7433 when they collected or attempted to collect taxes from him in 2011. In that Count, Mr. Barber references a suit, based on this same 2011 tax collection incident, that he previously filed against Judge William M. Acker, Jr., and U.S. Attorney Richard O'Neal, among others: Case No. 11-CV-1581-MEF. The court dismissed that 2011 lawsuit for lack of jurisdiction over Mr. Barber's criminal complaint. *See* Docs. 6 & 7 in Case No. 11-CV-1581-MEF (N.D. Ala. May 24, 2011).

Further, Code § 7433—the very law Mr. Barber invokes—includes specific limitations on bringing suit and awarding judgments. An action to enforce liability created under this code section "may be brought only within 2 years after the date the right of action accrues." 26 U.S.C. § 7433(d)(3). Count Twenty-Two states that the action to collect taxes occurred in 2011, more than two years before Mr. Barber filed this action in 2017. Mr. Barber filed the original suit in 2011 and the court dismissed it in 2011. Accordingly, the claim in this Count is barred because the face of the complaint reflects that Mr. Barber did not bring it within two years after the right of action accrued. Therefore, this court *sua sponte* FINDS that it is due to be DISMISSED WITH PREJUDICE.

Conclusion

In sum, for the reasons stated above, the court FINDS as follows:

- the *criminal* claims asserted in Counts One, Two, Four, Five, Six, Eight, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, and Twenty Three are due to be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction, without leave to amend;

- the claims brought on behalf of "'We the People' of the republic states" are due to be DISMISSED WITHOUT PREJUDICE, as Mr. Barber, a *pro se* litigant who is not an

attorney, is not authorized to bring them and is not an adequate class representative;

- all remaining claims are due to be DISMISSED WITH PREJUDICE, for the various reasons stated above in this Memorandum Opinion;

- as an *alternative ruling* for the claims dismissed without prejudice for lack of jurisdiction, those claims are due to be DISMISSED WITH PREJUDICE as frivolous, lacking in merit, and duplicative of those dismissed in Case No. 16-CV-1321-MHH.

Dated this 5th day of April, 2017.

_____
KARON OWEN BOWDRE
CHIEF UNITED STATES DISTRICT JUDGE